Ruffin, C. J.
 

 The Court is of opinion, that there ought to have been judgment for the plaintiff on the verdict in his favour. On the first point made, this Court concurs with his Honor. A fraud in the consideration or treaty on which a deed is obtained, is a ground for impeaching it in equity ; but it does not avoid it law. To have that effeet, it is necessary the execution of the deed should be
 
 *158
 
 obtained by fraud ; so as to make a case for the defendant on
 
 non est
 
 factum.
 
 Logan
 
 v.
 
 Simmons,
 
 1. Dev. & Bat. 13.
 
 Reed
 
 v.
 
 Moore,
 
 3 Ired. 310.
 

 Upon the other point the Superior Court treated the deed, as if it created only a power in Jacob Troutman to make a sale in certain events; which events, it is very clear, did not occur. But that is not the true construction of the instrument. It neither confers a contingent power merely, nor even an estate on condition. But it is a deed of bargain and sale in fee, and carries with that estate every legal incident to it, including that of alienation. The estate is absolute at law, without any limitation or restriction. It is true the legal estate is conveyed and accepted upon a trust, and on it are engrafted certain conditions and restrictions. But with the construction and enforcing of trusts, or giving redress for the breach of them, a Court of law has no concern. That jurisdiction belongs to another tribunal; which may, and probably, will hold the present lessor of the plaintiff to hold the legal title precisely upon the same trusts, on which his bargainor did. Yet he is not the less tenant in fee-by virtue of the conveyances from the defendant to Jacob Ti'outman, and from the latter to him ; and as tenant in fee he must recover in an action of ejectment against even his own
 
 cestui que trust,
 
 because a Court of law cannot take notice of a trust, excópt so far as it is in some instances made the subject of cognizance at law by certain statutes. Not only does this deed convey the estate,, and not simply create a power in Troutman to sell, but it does not convey the estate as a mortgage does, upon a condition, by the performance of which the estate of tho mortgagee determines and the title revests in the mortgagor without a reconveyance. Thus in the case of a proper mortgage,, if the- mortgagor pay or tender the money at the day, he saves the forfeiture of the estate, and it is immediately in him by force of the terms of the deed, as a legal interest. But deeds of trust like the present, are
 
 *159
 
 entirely different, and convey the whole title at law to the trustee, and he is accountable in equity only. It is in vain to say, that he ought not, according to the trusts, on which he took the legal title, to have sold. For, still he had the legal title and conveyed it; and the legal title «ought always to carry a person through a Court of law in an action turning on the title. For an injury to another, by perverting his legal title to a different purpose from that on which he took it, he is amenable in a different form.
 

 The judgment must therefore be reversed, and judgment be entered for the plaintiff on the verdict in his favour.
 

 Pee Curiam. Judgment reversed and judgment for the plaintiff.